IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

| | |
|---|---|
| Zeeb Holdings, LLC, *et al*, | Case No. 3:19-cv-02210 |
| Plaintiffs, | Judge James G. Carr |
| v. | |
| Peter William Johnson, Jr., | **ORDER** |
| Defendant. | |

This matter comes to me on Defendant's (third) Motion for Protective Order and Objection to Plaintiff's Document Request Seeking Antecedent Documents Regarding (the) Account Transfer Agreement ("ATA"). (Doc. 86). Plaintiffs filed an Opposition. (Doc. 89). Defendant filed a Reply. (Doc. 90).

The gravamen of the Motion is that Plaintiffs improperly seek to obtain communications predating the date of the ATA, which was April 30, 2019. Nonetheless, Defendant's attorney has provided some of the requested materials and advised he will provide additional documents.

Though apparently Defendant's counsel has provided documents antedating the ATA, I am denying his Motion for Protective Order (Doc. 86) due to noncompliance with the mandatory terms of the Court's Local Civ. R. 37.1 <u>Discovery Disputes</u>. That rule states, in essence, that no motion related to discovery issues may be filed without a good faith effort to resolve the disputes and if/when that fails, contacting the undersigned to request a discovery conference.[1] Defense Counsel has failed to satisfy that requirement.

---

[1] Local Civ. R. 37.1(a) provides:
   (a) In the absence of a Judicial Officer establishing an alternative procedure for handling discovery disputes, the following procedure shall apply.

1

In addition, when I held a status conference with counsel regarding Defendant's Motion on June 24, 2024, Counsel for the Plaintiffs and the Defendant raised issues with the various allegations and claims of fraud on the part of the opposition. Both Counsel stated the other party's pleading as to the fraud counts was insufficient – *i.e.* failed to comply with Fed. R. Civ. P. 9(b). Those contentions prompted me to carefully review the allegations and claims in Plaintiffs' Complaint (Doc. 1-1) and in Defendant's Counterclaims (Doc. 2).

Upon that review, in light of the stringent pleading requirements of Fed. R. Civ. P. 9(b), I find neither pleading satisfies those requirements. *See generally* 5A Charles Alan Wright *et al.*, Federal Practice and Procedure §§ 1297–1298 (4th ed. updated June 2024); *see also New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 411 (6th Cir. 2022) ("[T]he complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.").

So that I may make a prompt decision, I, *sua sponte,* order each party – within three weeks of the date of this Order – to show cause why the asserted fraud claims should not be dismissed. In filing a document in support of their parties' fraud allegations, Counsel should focus exclusively on their own contentions, not those of the opposition. Once the parties have

---

(1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.
(2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference.
(3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda.
(4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel.
https://www.ohnd.uscourts.gov/sites/ohnd/files/CivilRules_Rule371.pdf

filed their response(s) to the Show Cause Order, the matter of their sufficiency shall be decisional for me.

In addition, anticipating a motion for leave to amend the pleadings, I am peremptorily denying any such request. Simply put: the time for granting leave to amend has long since passed.

In the meantime, I would be remiss if I did not note that this case has been pending for nearly five years since it was originally filed in the Wood County Court of Common Pleas on August 19, 2019, and removed to this Court on September 24, 2019. (Doc. 1). I attribute much of the delay to the failure of counsel to appropriately prosecute and defend this case and/or to move expeditiously towards its termination and/or resolution.

In addition, unfortunately, I have also played a role by tolerating continuances, discovery-related motions, failed attempts at settlement, and other non-merit-based case delays.

The time to promptly move this case to an outcome has come. For that reason, I am ordering Counsel to prepare and submit for my approval: a jointly filed Discovery Plan focusing on the events following the execution of the ATA. The Plan shall also include proposed dates for motion practice. Counsel should henceforth understand I will expect and require that they give this case absolute priority. If Counsel encounter problems, they are to immediately notify me.

Therefore, it is,

HEREBY ORDERED THAT:

1. The parties shall show cause within three weeks of the date of this Order, why I should not dismiss the pending fraud counts, at which time that issue shall be decisional;

2. Given the duration of this case, no motions for leave to amend the pleadings shall be permitted;

3

3. Defendant's Motion for Protective Order (Doc. 86) be, and the same hereby is, **denied,** without prejudice for failure to comply with Local Civ. R. 37.1;

4. Counsel shall submit a joint Discovery Plan within three weeks of the date of this Order focusing on the events following the execution of the ATA and including final proposed dates for motion practice; and

5. No further motions related to discovery shall be filed without compliance with Local Civ. R. 37.1.

    **SO ORDERED.**

DATE: 6/28/2024

*/s/ James G. Carr*
Sr. U.S. District Judge